[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a breach of contract action. The plaintiffs entered into a written contract with the defendant corporation whereby they agreed to pay the defendant $50,000.00 to construct an in-ground swimming pool and spa on the property owned by the plaintiffs in Branford, Connecticut. The pool and spa were constructed in the early summer of 1999 and the plaintiffs paid the defendant $50,000.00.
Shortly after the pool and spa were finished, the plaintiffs noticed various defects and inadequacies with respect to the work done. Despite some effort on the part of the defendant to remedy some of these problems, the bulk of the plaintiffs' complaints were not satisfied, resulting in this litigation. The defendant appeared by counsel and filed an answer and various special defenses, which were denied by the plaintiff.
The case was claimed for the non-jury trial list by the plaintiffs and came before the court for trial on July 12, 2000. The plaintiffs appeared with counsel, but no one appeared on behalf of the defendant. Plaintiffs' counsel advised the court that within the past few days he had received a written communication from defense counsel advising that the defendant had ""gone out of business "" and that neither he nor anyone on behalf of the defendant corporation would be present in court. Therefore, the court defaulted the defendant and heard the matter as a hearing in damages.
Based on all the evidence offered and the reasonable inferences to be drawn therefrom, the court finds that the plaintiffs have proven their damages as follows:
The contact provided for a pool twenty by forty feet. The pool that was constructed measured eighteen by forty feet, or 10% less than provided by the contract. The contract price for the pool itself was $43,700.00. The contract has a provision for liquidated damages if the water surface of CT Page 8263 the pool turned out to be less than the contract called for. The application of this provision would result in very nominal damages of $120.00 for the discrepancy. The court finds that the liquidated damages clause in the contract is unenforceable for the reasons set forth in Mattegat v. Klopfenstein, 50 Conn. App. 97, 102. The court finds that fair damages for the 10% shortage of the water surface of the pool is 10% of the contract price of the pool, or $4,370.00.
The spa has various defects, which will require major reconstruction, and the court finds that fair damages for the breach of the contract regarding this portion of the job have been proven to be $10,500.00.
In order to repair the pool it is necessary that the pool be drained which will cost the plaintiff $700.00.
Plaintiffs's counsel has requested counsel fees of $2,000.00, representing to the court that he has expended ten hours of time at a rate of $200.00 per hour in the handling of this case. Pursuant to Conn. General Statutes § 42-150 bb the plaintiff is entitled to recover attorneys fees in this matter and the court finds that $2,000.00 is reasonable and fair.
Accordingly, the court finds that the plaintiffs have proven fair and reasonable damages of $15,570.00 as a result of the defendant's breach of contract, and that they are entitled to an attorney's fee of $2,000.00, for a total judgment of $17,570.00, plus taxable costs.
 William L. Hadden, Jr., Judge Trial Referee